| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------X<br>TERRELL A. BERRY, 19-A-2478,<br><br>                           Plaintiff,<br><br>         -against-<br><br>JOHN DOES CORRECTIONS OFFICERS 1-4,<br>SGT. JOHN DOE, YAPHANK CORRECTIONAL<br>FACILITY,<br><br>                         Defendants.<br>----------------------------------------------------------------X | For Online Publication Only<br><br><br><br>**ORDER**<br>20-CV-02144 (JMA)(AYS)<br><br>**FILED**<br>**CLERK**<br>6/4/2020 9:33 am<br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE** |

**AZRACK, United States District Judge:**

On February 13, 2020, incarcerated pro se plaintiff Terrell A. Berry ("Plaintiff") commenced this action against the Yaphank Correctional Facility ("the Jail"), four corrections officers named as "John Does" and a corrections sergeant, also named as a "John Doe," (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Plaintiff filed his complaint in the United States District Court for the Northern District of New York and, by transfer order dated May 12, 2020, it was transferred to this Court and assigned to the undersigned. Accompanying the complaint is an application to proceed in forma pauperis.

Upon review of the declarations accompanying Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, the Court grants Plaintiff's application to proceed in forma pauperis and sua sponte dismisses Plaintiff's claims against the Jail pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow. Plaintiff's remaining claims shall proceed.

1

## I. BACKGROUND[1]

Plaintiff's handwritten complaint is submitted on the Court's Section 1983 complaint form along with an additional nine pages of attachments. According to the complaint, on November 21, 2018, unidentified corrections officers at the Yaphank Correctional Facility ordered plaintiff to put his hands through the hole on his cell door and, when he complied, pulled his arms "so hard against the door" and then entered his cell and got "very physical." (Compl. at 7.) Plaintiff describes that he was repeatedly hit, pulled, choked, and squeezed for no reason. He further claims that he was then placed in handcuffs that were too tight and that his wrists and fingers were bent. (Id.) Plaintiff claims that he cried out in pain and that he was told not to say another word or he would be thrown to the ground. (Id. at 8.) Plaintiff describes that he was then told to kneel and once he was on his knees facing a wall, he "receiv[ed] blows to my ribs." (Id.) Plaintiff alleges that he complained to an unidentified sergeant who did not help him. (Id.) According to the complaint, Plaintiff was in terrible pain, with swollen wrists, and his requests for medical treatment were ignored. Although Plaintiff alleged that a nurse visited him shortly after he returned to his cell, he claims that she checked only his vital signs and did not examine or treat his wrists. (Id. at 9.)

Plaintiff next describes that he was moved to the Riverhead facility and placed "in the box" for no reason. (Id. at 12.) Plaintiff claims that he kept asking to be seen by medical staff, even while in the box, because he was in severe pain and though that his wrists might be broken. (Id.) After Plaintiff was released from the box and returned to the Yaphank facility, he was finally taken

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

2

to the medical center where he was given ibuprofen and x-rays were scheduled to be taken. According to Plaintiff, the x-rays were taken but the doctors said they "didn't see anything" and then ordered that Plaintiff be examined by a neurologist. (Id. at 12–13.) Plaintiff was examined by a neurologist who determined that laintiff had pinched nerves in his wrists and opined that Plaintiff would need surgery. (Id. at 13.) As a result of the foregoing, Plaintiff seeks to recover a monetary award in the total sum of five million dollars. (Id. 14.)

## II. DISCUSSION

### A. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed in forma pauperis is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519,

3

520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read Plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.     Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for

4

vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).  In order to state a Section 1983 claim, a plaintiff must allege two essential elements.  First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted).  Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."  Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

  Moreover, in an action brought pursuant to Section 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003).  An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)).  Where

a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law.  See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

1. **Section 1983 Claims Against the Jail**

Plaintiff names the Jail as a defendant.  However, the Jail is a non-suable entity because it is merely an administrative arm of the municipality, Suffolk County. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)); Carthew v. Cnty. of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010); see also Sturgis v. Suffolk Cnty. Jail, 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (sua sponte dismissing Section 1983 claims because "the Jail and SCPD are administrative arms of the County of Suffolk [ ] [and] lack the capacity to be sued."); see also Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against the local police department because, as an "administrative arm of a municipality [, it] do[es] not have legal identity separate and apart from the municipality, and therefore, cannot sue or be sued.").  Therefore, Plaintiff's claims against the Jail are implausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  However, given Plaintiff's pro se status, the Court considers next whether Plaintiff has alleged a plausible Section 1983 claim when construed as against Suffolk County.  For the reasons that follow, he has not.

2. **Section 1983 Claim as Construed Against Suffolk County**

It is well-established that a municipality, such as Suffolk County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort."  Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658

6

(1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, Plaintiff must prove that a municipal policy or custom caused a deprivation of his rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, Plaintiff must allege: (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by an official with final decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis, 224 F. Supp. 2d at 478; Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted). "[A] single incident in a complaint, especially if it involved only actors below the policy making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the pro se complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct or inaction of which Plaintiff complains was caused by some policy or custom of Suffolk County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, Plaintiff has not alleged a plausible Section 1983 claim even when construing the complaint as against Suffolk County.

### 3. Section 1983 Claims Against the Individual Defendants

Though thin, the Court declines to sua sponte dismiss Plaintiff's remaining Section 1983

7

claims against the individual defendants. Pursuant to Valentin v. Dinkins, 121 F.3d 72, 75–76 (2d Cir. 1997) (per curiam), the Suffolk County attorney is requested to assist with identifying the unnamed defendants. Given the national emergency caused by the COVID-19 virus, the Court requests that the Suffolk County Attorney ascertain the full names and service addresses of the unnamed defendants alleged to be employed as corrections officers and a corrections sergeant working at the Suffolk County Correctional Facility's Yaphank location. Once the Suffolk County Attorney identifies such individuals, the Court requests that the Suffolk County Attorney agree to accept service of the complaint on behalf of these defendants. Accordingly, the Clerk of the Court shall serve a copy of the complaint together with this order on the Suffolk County Attorney. The Suffolk County Attorney is requested to provide the requested information to the Court within thirty (30) days from the date of this Order.

The Suffolk County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which Plaintiff may name and serve Defendants as instructed by the Second Circuit in Valentin. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's complaint shall be deemed amended to reflect the full names of the unnamed defendants.

### III.     CONCLUSION

For the forgoing reasons, Plaintiff's application to proceed in forma pauperis is granted. However, Plaintiff's complaint is dismissed sua sponte against the Jail pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief. Plaintiff's remaining claims shall proceed. Accordingly, within thirty (30) days from the date of this Order, the Court requests that the Suffolk County Attorney ascertain the full names and service addresses of the unnamed Defendants alleged to be employed as corrections officers and a corrections sergeant

working at the Suffolk County Correctional Facility's Yaphank location. Once the Suffolk County Attorney identifies such individuals, the Court requests that the Suffolk County Attorney agree to accept service of the complaint on behalf of these Defendants.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court shall mail a copy of this Order to Plaintiff at his last known address and shall serve a copy of the complaint, together with this Order, on the Suffolk County Attorney.

**SO ORDERED.**

Dated: June 4, 2020
       Central Islip, New York

                                              /s/   (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE